826 P.2d 1341

STATE of Idaho Plaintiff–Respondent,

v.

Danny C. GILLETTE, Defendant–Appellant.

Nos. 19467, 19552.

Court of Appeals of Idaho.

Feb. 28, 1992.

Petition for Review Denied April 2, 1992.

John Souza of Whittier, McDougall, Souza, Murray & Clark, Pocatello, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for plaintiff-respondent.

SILAK, Judge.

Danny Carroll Gillette pled guilty to robbery. I.C. § 18–6501, –6502. He appeals from the judgment of the district court imposing a unified sentence of an indeterminate term of life imprisonment in the custody of the Board of Correction, with a minimum period of confinement of seven years. Gillette argues on appeal that his sentence is unreasonable. He also asserts that the district court abused its discretion in denying his motion under I.C.R. 35 for reduction of sentence. We affirm.

The facts of the case may be briefly stated. Gillette and his acquaintance, Michael McCoy, went to a car dealership in Pocatello and asked to look at a Chevrolet Camaro. A salesman complied with their request and accompanied them on what he believed to be a test drive of the vehicle. After the three men were in the car, McCoy took a gun out of his coat pocket and told the salesman not to move or he would have to shoot him. McCoy started driving toward Salt Lake City. At McCoy's direction, Gillette took the victim's watch and wedding ring. McCoy stopped at a

market and purchased beer and duct tape. As they continued driving to Utah, Gillette bound the victim's hands and feet with the duct tape. Outside a small town, Gillette and McCoy turned off the interstate and drove toward the mountains. They dumped the victim out of the car onto the road and left him. The victim was able to free himself and contact the police.

Gillette and McCoy were arrested in Utah and extradited to Idaho. The state charged Gillette with one count of grand theft, one count of first degree kidnapping, and one count of robbery. Gillette pled guilty to the charge of robbery in a plea bargain in which the state dismissed the remaining two counts. The district court sentenced Gillette to life imprisonment with a mandatory minimum sentence of seven years. Gillette appeals from the imposition of this sentence and from a denial of a Rule 35 motion requesting leniency.

■■■ Gillette's sentence is within the statutory maximum of life imprisonment for robbery. I.C. § 18–6503. Appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). If the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution applicable to a given case." *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982).

■■ In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez*, 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view Gil-

lette's actual term of confinement as seven years. Gillette must establish that under any reasonable view of the facts a period of confinement of seven years for robbery was an abuse of discretion.

■■ In reviewing a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). The district court in its sentencing comments noted Gillette's criminal record of seven felony convictions in fourteen years. The judge observed that Gillette had not been successful in conforming his conduct to the requirements of probation or parole: the presentence investigation report indicates seven prior probation violations and one escape from custody; moreover, he committed the robbery from which he is appealing while on parole from a sentence for burglary in California.

The district court's sentencing comments reflect a concern that society be protected from Gillette's utter disregard for the laws of society. The court indicated that Gillette needed to be deterred from committing further violations of the law and that he needed to be punished for his behavior. The court commented that rehabilitation was not a significant consideration in this case because Gillette may well have passed the point at which rehabilitation is a realistic alternative. Based on our review of the record, we conclude that the district court appropriately considered the nature of the offense, the character of the offender, and the sentencing objectives in pronouncing sentence. In light of the sentencing criteria, the sentence is reasonable.

■ Gillette timely filed a motion under I.C.R. 35 for reduction of his sentence, in which he requested the court to reduce his sentence to time served. The district court issued an order denying the motion and stating its reasons. From this order the defendant appeals.

Gillette argues that he was less involved in the crime than McCoy and that his prior felonies did not involve violent behavior.

The district court considered these matters during the hearing on the motion. The court nevertheless concluded that it had acted appropriately in imposing an indeterminate sentence of life imprisonment with a mandatory minimum term of seven years. The court noted that Gillette is a habitual offender. The court commented that the key provision in the sentencing order is that Gillette will have the opportunity to earn parole any time after seven years. In light of the gravity of the offense and Gillette's prior record, the court chose not to grant leniency.

As noted above, Gillette's sentence was reasonable when imposed. The arguments made on his Rule 35 motion are not persuasive that the sentence should have been reduced. We hold that the district court did not abuse its discretion in denying Gillette's motion for reduction of his sentence.

The judgment of conviction and sentence, and the order denying the Rule 35 motion, are affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.