826 P.2d 1343

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Michael C. McCOY, Defendant–Appellant.**

**Nos. 19455, 19553.**

Court of Appeals of Idaho.

Feb. 28, 1992.

Petition for Review Denied April 2, 1992.

John Souza of Whittier, McDougall, Souza, Murray & Clark, Pocatello, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Myrna A.I. Stahman, Boise, for plaintiff-respondent.

SILAK, Judge.

Michael McCoy pled guilty to robbery. I.C. § 18–6501, –6502. He appeals from the judgment of the district court imposing a unified sentence of an indeterminate term of life imprisonment in the custody of the Board of Correction, with a minimum period of confinement of eight years. McCoy argues on appeal that his sentence is unreasonable. He also asserts that the district court abused its discretion in denying his motion under I.C.R. 35 for reduction of sentence. We affirm.

The facts of the case may be briefly stated. Michael McCoy and his acquaintance, Danny Gillette, went to a car dealership in Pocatello and asked to look at a Chevrolet Camaro. A salesman complied with their request and accompanied them on what he believed to be a test drive of the vehicle. After the three men were in the car, McCoy took a gun out of his coat pocket and told the salesman not to move or he would have to shoot him. McCoy started driving toward Salt Lake City. At McCoy's direction, Gillette took the victim's watch and wedding ring. McCoy stopped at a market and purchased beer and duct tape. As they continued driving to Utah, Gillette bound the victim's hands and feet with the duct tape. McCoy, who was under the influence of heroin and had been drinking beer, rolled down his window and fired several shots outside the car. McCoy then pointed his gun at the victim and commented that he would get a "real rush" out of killing him.

Outside a small town, Gillette and McCoy turned off the interstate and drove toward the mountains. They dumped the victim out of the car onto the road. McCoy bound the victim with additional duct tape and started to drive off. They drove a short distance, came back, and McCoy put one more layer of duct tape around the victim's legs. McCoy told the victim that if he reported the robbery to the police, he would come back and kill the victim and his young family. McCoy returned to the car and they left the victim lying on the ground. The victim was able to free himself and contact the police.

McCoy and Gillette were arrested in Utah and extradited to Idaho. The state charged McCoy with one count of grand theft, one count of first degree kidnapping, and one count of robbery. McCoy pled guilty to the charge of robbery in a plea bargain in which the state dismissed the remaining two counts. The district court sentenced McCoy to life imprisonment with a mandatory minimum sentence of eight years. McCoy appeals from the imposition of this sentence and from a denial of a Rule 35 motion requesting leniency.

McCoy's sentence is within the statutory maximum of life imprisonment for robbery. I.C. § 18–6503. Appellate review of a sentence is based on an abuse of discretion standard. *State v. Wolfe*, 99 Idaho 382, 384, 582 P.2d 728, 730 (1978). If the sentence is not illegal, the defendant has the burden to prove that it is unreasonable, and thus a clear abuse of discretion. *State v. Broadhead*, 120 Idaho 141, 814 P.2d 401 (1991). A sentence may represent such an abuse if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time that confinement is necessary "to accomplish the primary objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation or retribution ap-

plicable to a given case." *State v. Toohill,* 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App.1982).

In reviewing a sentence imposed under the Unified Sentencing Act, we treat the minimum period specified by the sentencing judge as the probable duration of confinement. I.C. § 19–2513; *State v. Sanchez,* 115 Idaho 776, 777, 769 P.2d 1148, 1149 (Ct.App.1989). Thus, we view McCoy's actual term of confinement as eight years. McCoy must establish that under any reasonable view of the facts a period of confinement of eight years for robbery was an abuse of discretion.

In reviewing a sentence, we conduct an independent examination of the record, focusing upon the nature of the offense and the character of the offender. *State v. Reinke,* 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct.App.1982). McCoy had five outstanding warrants for his arrest in the states of California, Florida and Louisiana at the time he committed this offense. The district court in its sentencing comments noted McCoy's criminal record showed a series of felony charges that were disposed of through plea bargains. The court also noted that McCoy's criminal record indicates an increasingly violent behavior pattern. The court was concerned that several of McCoy's offenses were related to the abuse of alcohol and illegal drugs.

The district court's sentencing comments reflect a legitimate concern that society be protected from McCoy. The court noted that McCoy was the participant who posed the greatest threat to the victim, who created the greatest degree of fear, and who came the closest to committing a more serious crime against the victim. Based on our review of the record, we conclude that the district court appropriately considered the nature of the offense, the character of the offender, and the sentencing objectives in pronouncing sentence. In light of the sentencing criteria, the sentence is reasonable.

McCoy timely filed a motion under I.C.R. 35 for reduction of his sentence, in which he requested the court to reduce the mandatory minimum portion of his sentence as well as the indeterminate portion of his sentence. The district court issued an order denying the motion and stating its reasons. From this order the defendant appeals.

McCoy argues that his prior criminal record did not include felony convictions and that a less severe sentence would be appropriate. The district court considered these matters during the hearing on the motion. The court nevertheless concluded that it had acted appropriately in imposing an indeterminate sentence of life imprisonment with a mandatory minimum term of eight years. The court observed that McCoy's crime was coupled with threats against the victim's life. The court also noted that McCoy appeared to be the primary perpetrator of the crime. The court further noted that McCoy was unable to conform to society's expectations. In light of the gravity of the offense, and McCoy's anti-social behavior and prior record, the court chose not to grant leniency.

As noted above, McCoy's sentence was reasonable when imposed. The arguments made on his Rule 35 motion are not persuasive that the sentence should have been reduced. We hold that the district court did not abuse its discretion in denying McCoy's motion for reduction of his sentence.

The judgment of conviction and sentence, and the order denying the Rule 35 motion, are affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.