921 P.2d 1194

**Michael C. McCOY, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 21664.

*Supreme Court of Idaho.*
*Boise, April 1996 Term.*

July 25, 1996.

S. Criss James, Soda Springs, for appellant.

Alan G. Lance, Attorney General, Michael A. Henderson (argued), Deputy Attorney General, Boise, for respondent.

SILAK, Justice

This is an appeal from the district court's order denying appellant Michael C. McCoy's petition for post-conviction relief in which he alleges that he was denied his Sixth Amendment right to conflict-free counsel. We affirm.

## I.

## FACTS AND PROCEDURAL BACKGROUND

Appellant Michael C. McCoy (McCoy) and his co-defendant, Danny Gillette (Gillette) were originally charged with one count of Grand Theft, one count of Kidnapping and one count of Robbery. These charges arose out of the abduction of a car salesman in Pocatello, Jason Rainey (Rainey), under the pretense that McCoy and Gillette wanted to test drive a car available for sale at the dealership where Rainey worked. After getting in the car, Gillette and/or McCoy pulled a gun or guns on Rainey and forced him to drive with them to the Malad area. Gillette and McCoy then robbed Rainey, tied him up with duct tape, left him in a rural part of Oneida County, and drove off with the stolen car. They were later arrested in Utah and extradited to Idaho.

John Souza (Souza) of the Bannock County public defender's office was appointed to represent McCoy, while Randall Schulthies (Schulthies), an attorney on contract with the public defender's office to handle conflict cases, was assigned to represent Gillette. Identical plea agreements were reached by both McCoy and Gillette whereby they agreed to plead guilty to the crime of robbery in exchange for a dismissal of the remaining charges. Presentence reports were ordered for both defendants.

Gillette's sentencing hearing was scheduled for Monday, July 1, 1991. At the time of sentencing, Gillette's attorney, Schulthies, was unavailable and requested that Souza appear with Gillette. Evidence at Gillette's sentencing hearing indicated that he had numerous prior felony convictions. Gillette was sentenced to a term of seven years determinate followed by an indeterminate term of life imprisonment.

McCoy's sentencing took place the following day, July 2, 1991. Souza continued to represent McCoy at the sentencing, although he had represented Gillette at his sentencing. The presentence report indicated that McCoy had continual and ongoing involvement in the criminal justice system, but had only one prior felony conviction. The prosecutor recommended a fixed sentence of 20 years followed by an indeterminate life sentence. The district court sentenced McCoy to a determinate term of eight years and an indeterminate term of life imprisonment.

McCoy and Gillette filed I.C.R. 35 motions for reduction of their sentences which the district court denied. Souza represented both McCoy and Gillette at these hearings. McCoy and Gillette then appealed from the imposition of their sentences and from the denial of their Rule 35 motions. Souza filed appellate briefs with the Supreme Court on behalf of both McCoy and Gillette. The Court of Appeals affirmed the district court's exercise of discretion in sentencing McCoy and Gillette and affirmed the denial of their Rule 35 requests for leniency. *See State v. McCoy*, 121 Idaho 631, 826 P.2d 1343 (Ct. App.1992) and *State v. Gillette*, 121 Idaho 629, 826 P.2d 1341 (Ct.App.1992).

Thereafter, McCoy filed a petition for post-conviction relief. McCoy alleged, *inter alia*, that he was denied his state and federal constitutional right to independent counsel because his attorney, Souza, also represented Gillette at his sentencing hearing.[1] McCoy

claimed that Souza's representation of Gillette was a clear conflict of interest in that there were claims that McCoy was more culpable than Gillette. After an evidentiary hearing, at which McCoy testified, the district court issued its findings of fact, conclusions of law and order denying McCoy's petition.

Subsequently, a public reprimand was issued by the Idaho State Bar against Souza which appeared in the April 1995 issue of *The Advocate*. The reprimand stated that Souza's representation of McCoy and Gillette was a conflict of interest.

McCoy appeals from the district court's denial of his petition for post-conviction relief.

## II.

### ISSUES ON APPEAL

1. Whether McCoy was denied his Sixth Amendment right to conflict-free counsel because his attorney represented both him and Gillette at sentencing, at the Rule 35 hearing and by filing Idaho Supreme Court briefs on behalf of both McCoy and Gillette.

2. Whether the district court failed in its duty to McCoy by not taking an active role in protecting McCoy's constitutional right to counsel by not inquiring into the apparent conflict of interest which existed because McCoy's counsel represented both McCoy and his co-defendant, Gillette.

3. Whether the district court erred by applying the incorrect standard for the burden of proof required for an appeal based on ineffective assistance of counsel.

## III.

### STANDARD OF REVIEW

▉ A petitioner for post-conviction relief has the burden of proving the allegations

---

1. Although McCoy alleges that he was denied his right to independent counsel under both the Idaho and United States Constitutions in his petition for post-conviction relief, on appeal he has not made a separate claim under Art. 1, § 13 of the

Idaho Constitution nor does he suggest that the analysis should be different under the state and federal constitutions. Therefore, the Court will address only his Sixth Amendment claim under the United States Constitution.

upon which his claim is based by a preponderance of the evidence. I.C.R. 57(c); *State v. Pratt,* 125 Idaho 546, 567, 873 P.2d 800, 821 (1993); *Stuart v. State,* 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990). The district court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless clearly erroneous. *See, e.g., Tugmon v. State,* 127 Idaho 16, 18, 896 P.2d 342, 344 (Ct.App.1995). A denial of post-conviction relief will not be disturbed on appeal where there is substantial and competent evidence supporting the denial. *State v. Pizzuto,* 119 Idaho 742, 778, 810 P.2d 680, 716 (1991).

▉ Allegations of ineffective assistance of counsel present mixed questions of law and fact. *Strickland v. Washington,* 466 U.S. 668, 698, 104 S.Ct. 2052, 2070, 80 L.Ed.2d 674 (1984); *Tugmon v. State,* 127 Idaho at 18, 896 P.2d at 344. Joint representation of defendants by a single attorney does not constitute *per se* ineffective assistance of counsel. *Giles v. State,* 125 Idaho 921, 923, 877 P.2d 365, 367 (1994), *cert. denied,* 513 U.S. 1130, 115 S.Ct. 942, 130 L.Ed.2d 886 (1995). In this case, in order to prove a violation of his Sixth Amendment right to counsel, *i.e.,* ineffective assistance of counsel, McCoy bore the burden of demonstrating by a preponderance of the evidence that the facts and circumstances of his counsel's joint representation at sentencing of McCoy and Gillette constituted an actual conflict of interest. *Id.*

This standard was first articulated by the United States Supreme Court in *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980). In *Cuyler,* the Court stated that its previous decision of *Holloway v. Arkansas,* 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978), reaffirmed that multiple representation does not violate the Sixth Amendment unless it gives rise to a conflict of interest. *Cuyler,* 446 U.S. at 348, 100 S.Ct. at 1718. The Court then held that in order to demonstrate a violation of a defendant's Sixth Amendment rights, the defendant must establish "that an actual conflict of interest adversely affected the lawyer's performance." *Id.* The Court held that the possibility of conflict is insufficient to impugn a criminal conviction, and that until a defendant shows that counsel actively represented conflicting interests, the defendant has not established the constitutional predicate for a claim of ineffective assistance. *Id.*

## IV.

## ANALYSIS

**A. The District Court Correctly Found that McCoy Was Not Denied His Sixth Amendment Right To Conflict–Free Counsel Because His Attorney Represented Both McCoy And Gillette At Sentencing.**

▉ Preliminarily, we note that in his issues on appeal, McCoy claims that he was denied his Sixth Amendment right to conflict-free counsel not only because Souza represented both Gillette and him at sentencing, but also because Souza represented both of them at their Rule 35 hearings and filed appellate briefs on behalf of both. The State argues that because McCoy only raised the issue of a conflict at sentencing in his petition for post-conviction relief, the issues of whether a conflict existed at the Rule 35 hearings and by Souza filing appellate briefs on behalf of both are not properly before the Court. We agree.

In his petition for post-conviction relief, McCoy alleges that he was denied his "State and Federal constitutional right to independent counsel because [his] attorney, John Souza, also represented the co-defendant, Danny Gillette, at his sentencing hearing. Mr. Souza's representation of [Gillette] was a clear conflict of interest in that there were claims that [McCoy] was more culpable than [Gillette]." Nowhere in his petition did McCoy allege that he was denied conflict-free counsel with respect to his Rule 35 motion or his appeal from the district court's denial of the motion. Rather, these claims are being raised for the first time on appeal. It is clear from the record that there is no reason

McCoy could not have included these issues in his petition.

■ This Court has repeatedly held that issues which are raised for the first time on appeal will not be considered. *State v. Russell,* 122 Idaho 488, 490, 835 P.2d 1299, 1301 (1992); *State v. Lavy,* 121 Idaho 842, 844, 828 P.2d 871, 873 (1992). Because these claims were not raised before the district court in the civil post-conviction proceedings, we hold that they are not properly before the Court and will not be considered. Thus, we will only address whether McCoy was denied his Sixth Amendment right to conflict-free counsel with respect to Souza representing both McCoy and Gillette at sentencing.

■ The basis for McCoy's petition for post-conviction relief and the thrust of his argument on appeal is that a conflict existed in the joint representation by Souza of McCoy and Gillette because Gillette attempted to paint McCoy as the more culpable party at Gillette's sentencing. McCoy claims that due to this conflict he should be allowed to withdraw his guilty plea, or in the alternative, have the determinate and indeterminate terms of his sentence reduced. We agree with the district court that McCoy has failed to demonstrate that an actual conflict of interest existed in the joint representation of Gillette and him.

The district court found that Gillette had made only one indirect reference to McCoy at Gillette's sentencing: "I'd just like to say that, you know, to Jason and his family, that I, you know, did everything I felt, you know, to keep harm, you know, from coming to him and that I'm sorry for what I've done." The court found that Gillette had not made any other statements which would have portrayed McCoy as more culpable than himself. The court further concluded that Souza's representation of McCoy the next day did not affect his performance. The court found that Souza properly focused on the mitigating issues presented by the facts of McCoy's case, his lack of multiple prior felony convictions and his substance abuse problem, in urging

the court to give McCoy a short fixed sentence.

The district court also stated that although it did rely upon McCoy's greater culpability in imposing a sentence which included a fixed sentence which exceeded that given Gillette by one year, this had nothing to do with what Souza said or did during Gillette's sentencing. The court concluded that McCoy was somewhat more culpable from the detective's affidavit of probable cause which was contained in McCoy's criminal file, and from the information contained in McCoy's presentence report. The court therefore found that it would have sentenced McCoy to a fixed eight year sentence regardless of anything Souza or Gillette may have said at Gillette's sentencing.

We hold that there is substantial and competent evidence in the record to support the district court's decision that Souza did not actively represent conflicting interests and that an actual conflict of interest did not adversely affect his performance in representing McCoy. *Cuyler v. Sullivan,* 446 U.S. 335, 348, 100 S.Ct. 1708, 1718, 64 L.Ed.2d 333 (1980). It is clear from the record that Gillette's only attempt to place blame on McCoy at Gillette's sentencing was the ambiguous statement quoted above that Gillette did everything he could to keep harm from coming to Rainey. We do not find this to be enough in itself to indicate a shifting of the blame from Gillette to McCoy. Furthermore, Souza himself made no comments or references as to McCoy's involvement in the crime, nor did he make any effort to shift blame to McCoy. The statements made by Gillette at his sentencing were entirely consistent with statements he made prior to even the time McCoy was arrested. It is clear that Gillette was trying to shift the blame to McCoy before the sentencing and thus there was nothing said at Gillette's sentencing of which McCoy was not already aware. Additionally, at McCoy's sentencing Souza made typical comments one would make when arguing for leniency.

The only allegation that could potentially be the basis for an actual conflict of interest

claim is McCoy's contention that Souza should have called Gillette as a witness at McCoy's sentencing hearing to rebut Gillette's claims that McCoy was the more culpable party. While we agree that it would have been very difficult for Souza to have called Gillette as a witness at McCoy's sentencing having represented Gillette at his sentencing the day before without an actual conflict arising, there is no indication in the record that McCoy or Souza wanted or intended to call Gillette as a witness. In fact, even though McCoy may not have been aware of what Gillette said about him at Gillette's sentencing, McCoy was aware of the allegations made by Gillette previously. All of the allegations made by Gillette were contained in the investigating detective's affidavit of probable cause, which was part of the court file from the inception of the criminal case, or in the presentence report, which was provided to McCoy in advance of the sentencing hearing and which he acknowledged reviewing with Souza prior to sentencing. We therefore hold that the evidence supports a conclusion that McCoy had reason to know of Gillette's allegation at such a time that he could have rebutted the charges. McCoy has not presented any evidence that he requested Souza to pursue such an approach, or that he could have offered evidence which would have adequately responded to the allegations. Thus, we hold that McCoy has failed to prove, by a preponderance of the evidence, that an actual conflict of interest existed adversely affecting his lawyer's performance. *Cuyler*, 446 U.S. at 348, 100 S.Ct. at 1718.

McCoy also urges this Court to reverse the district court on the basis that Souza received a public reprimand for the multiple representation of McCoy and Gillette by the Idaho State Bar. While it is true that Souza did receive a reprimand, we hold that a violation of the Idaho Rules of Professional Conduct does not automatically equate to a criminal defendant's constitutional right to effective assistance of counsel. McCoy still had the burden of establishing that an actual conflict of interest existed in Souza's joint representation of McCoy and Gillette pursuant to *Cuyler v. Sullivan, supra.*

**B. McCoy's Claim That The District Court Failed In Its Duty To McCoy By Not Inquiring Into The Apparent Conflict Of Interest Due to Souza's Joint Representation Of McCoy And Gillette Was Not Preserved Below And Will Not Be Considered On Appeal.**

McCoy argues that the district court owed him a duty to take an active role in protecting his constitutional right to counsel and that the court failed in its duty by not inquiring into the conflict of interest which allegedly existed due to Souza's joint representation of McCoy and Gillette at their respective sentencing hearings. We decline to consider this issue because McCoy did not raise it below. In his petition for post-conviction relief, McCoy raised no allegations regarding a failure by the district court to inquire into any alleged "apparent conflict of interest." During the pendency of the post-conviction proceedings before the district court, McCoy never alleged that the court made any errors during the proceedings in McCoy's underlying criminal case. Rather, this claim was made for the first time on appeal from the denial of post-conviction relief.

As we set forth above, this Court will not consider issues raised for the first time on appeal. *State v. Russell,* 122 Idaho 488, 490, 835 P.2d 1299, 1301 (1992); *State v. Lavy,* 121 Idaho 842, 844, 828 P.2d 871, 873 (1992). Thus, we hold that because this issue was not raised before the district court, it is not properly before this Court now. The issue will therefore not be considered.

**C. The District Court Did Not Apply An Incorrect Standard For The Burden Of Proof Required For An Appeal Based On Ineffective Assistance of Counsel.**

McCoy argues that the district court applied the incorrect standard for the

burden of proof required for an appeal based on a claim of ineffective assistance of counsel by requiring McCoy to meet the standard of proof under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The standard under *Strickland* established a two pronged test for proving a successful ineffective assistance of counsel claim. First, a defendant must show that his counsel's performance was so deficient that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment, and second, the defendant must show that the deficient performance so prejudiced the defense that the defendant was deprived a fair trial. 466 U.S. at 687, 104 S.Ct. at 2064. McCoy argues that pursuant to *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), when there is a conflict of interest claim by the defendant, the burden of proof is much lower than required by *Strickland.* Under *Cuyler,* in order to establish a Sixth Amendment violation arising out of multiple representation, a defendant who raised no objection at trial must show that an actual conflict of interest adversely affected his lawyer's performance. 446 U.S. at 348, 100 S.Ct. at 1718. We find McCoy's argument to be without merit.

 Although the district court did refer to *Strickland* in its decision, the court earlier recited the test under *Cuyler* and properly applied that standard, as follows:

> Accordingly, the Court concludes that Souza did not "actively represent conflicting interests," and that "an actual conflict of interest" did not "adversely affect his performance," in representing McCoy.

Thus, we hold that the district court applied the correct standard in requiring McCoy to prove his claim of ineffective assistance of counsel in violation of the Sixth Amendment.

## V.

### CONCLUSION

We hold that McCoy failed to prove, by a preponderance of the evidence, that he was denied his Sixth Amendment right to effective assistance of counsel due to Souza's joint representation of him and Gillette at their sentencing hearings. McCoy failed to establish that an actual conflict of interest adversely affected Souza's performance.

We further hold that the district court applied the correct standard for the burden of proof required for a claim of ineffective assistance of counsel.

Accordingly, we affirm the decision of the district court.

McDEVITT, C.J., and JOHNSON, TROUT and SCHROEDER, JJ., concur.