772 P.2d 1219

**Randy Lynn McKINNEY,
Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 17276.**

Supreme Court of Idaho.

March 28, 1989.

Rehearing Denied May 24, 1989.

Weinpel, Woolf, Just, Combo & Davis, Idaho Falls, for petitioner-appellant. Jerry K. Woolf argued, Idaho Falls.

Jim Jones, Idaho Atty. Gen., Lynn E. Thomas, Sol. Gen. (argued), Boise, for respondent.

SHEPARD, Chief Justice.

This is an appeal from a decision of the district court denying post-conviction relief sought by petitioner McKinney. McKinney was convicted of first degree murder, conspiracy to commit murder, robbery and conspiracy to commit robbery, and the death sentence was imposed. An appeal was taken, and the conviction and imposition of the death sentence was affirmed in *State v. McKinney*, 107 Idaho 180, 687 P.2d 570 (1984). We affirm the trial court's denial of post-conviction relief.

■ Upon the filing of the petition for post-conviction relief, the trial court conducted extensive proceedings over a three-day period of time, including the taking of extensive testimony, tendered on behalf of the petitioner, McKinney. Thereafter the district court issued a detailed and exhaustive decision addressing petitioner's claims for relief. The district court declined to address certain of petitioner's claims for relief, *i.e.*, irregularities in the jury selection process, confinement of the petitioner in handcuffs while at trial, the alleged use of illegally obtained evidence, the imposition of the death penalty on the petitioner was cruel and unusual punishment, the imposition of the death sentence was erroneously imposed by the court rather than a jury, the petitioner was denied the right to confront witnesses, the sentencing court erroneously relied upon the presentence report and portions of a deposition. As correctly noted by the district court, all those assertions of error were available for presentation on appeal during petitioner's first appeal. We find no error. *See Paradis v. State*, 106 Idaho 117, 676 P.2d 31 (1983); *Watkins v. State*, 101 Idaho 758, 620 P.2d 792 (1980); *Stone v. State*, 108 Idaho 822, 702 P.2d 860 (Ct.App.1985).

This Court views this appeal as essentially presenting only two questions of any significance: 1) the non-investigation of and non-presentation by trial counsel of petitioner's alleged physical, sexual and drug abuse problems as a child at the mitigation stage of petitioner's sentencing proceedings; and 2) the alleged failure of trial counsel to correct misleading information presented to the trial court at the sentencing stage regarding a previous incident involving the petitioner in the use of firearms.

Both of said assertions are presented in the context that such alleged failure by trial counsel constitutes ineffective assistance of counsel in proceedings before the trial court.

The United States Supreme Court has recognized that the right to counsel is the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See also McMann v. Richardson*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). In *Strickland* the Court stated:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as "counsel" guaranteed the defendant by the Sixth Amendment.

Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless the defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064.

The evidence that respondent says his trial counsel should have offered at the sentencing hearing would barely have altered the sentencing profile presented to the sentencing judge. As the state courts and District Court found, at most this evidence shows that numerous people who knew respondent thought he was generally a good person, and that a psychiatrist and a psychologist believed he was under considerable emotional stress that did not rise to the level of extreme disturbance. Given the overwhelming aggravating factors, there is no reasonable probability that the omitted evidence would have changed the conclusion that the aggravating circumstances outweighed the mitigating circumstances and, hence, the sentence imposed.

*Strickland,* 466 U.S. at 699–700, 104 S.Ct. at 2070–71.

■ It is the crux of McKinney's argument that as a child he was physically and sexually abused by his father, and forced by him to ingest various drugs. At the post-conviction hearing the trial court permitted extensive testimony relating to those claims. McKinney alleged at the post-conviction hearing that the victim of the murder had made sexual advances to McKinney. He asserts that those alleged advances, coupled with his alleged childhood sexual abuse, constituted some excuse or mitigation for McKinney's murder

of the victim. The trial court, at the conclusion of the post-conviction proceedings, and in his written decision, stated that although he would accept as true the statements regarding McKinney's childhood abuse, nevertheless such did not constitute mitigating circumstances. The trial court stated:

Yet, the petitioner devised a plan to rob and murder his victim prior to the time that any putative homosexual advances to him by the victim occurred. If there had been no prior plan to kill petitioner's victim, and if the murder would have occurred directly after advances made to petitioner, without a substantial cooling off period in which petitioner could have regained his sensibilities, the situation might be different. However, this court finds completely untenable petitioner's contention that childhood sexual abuse problems should justify his actions where a concerted plan to commit those actions had been formulated prior to the time the advances were made.

We agree with the decision of the trial court, and its reasoning. As noted in the decision of the trial court on post-conviction proceedings, and in the decision of this Court, *State v. McKinney,* 107 Idaho 180, 687 P.2d 570 (1984), McKinney and his companion, Dovey Small, needed money and transportation, and focused upon a victim who had money and transportation. They devised a plan to kill him, take his money and credit cards, dump him in the desert, and then throw bushes over him and burn him so he couldn't be traced. That killing was not a spur of the moment decision, but rather McKinney lured his victim into the desert on a pretense of a target practice expedition, and shot the victim execution style, thus accomplishing his well thought out scheme. We find no error.

■ Petitioner also contends that he was given ineffective assistance of counsel when, during the sentencing process, a pre-

sentence report contained information that McKinney had brandished a firearm during a confrontational episode at a prior time in Arizona. The district judge at the post-conviction proceedings held that "even accepting as true" McKinney's version of the events of the confrontational episode in Arizona, nevertheless a variation in the facts of that episode would provide no cause to vacate or alter the sentence of death imposed upon McKinney for the well-planned and cold blooded murder of a relative stranger for the purpose of obtaining money and transportation. We agree.

We have reviewed the remaining assignments of error and find them to be without merit. The decision of the district court denying post-conviction relief is affirmed.

BAKES, BISTLINE, HUNTLEY and JOHNSON, JJ., concur.