961 P.2d 1179

**Timothy Alan DUNLAP, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 22087.**

Supreme Court of Idaho,
Boise, February 1998 Term.

March 19, 1998.

Rehearing Denied July 8, 1998.

Leo N. Griffard, Jr., Boise; and Nevin, Herzfeld, & Benjamin, Boise, for appellant. Leo N. Griffard, Jr. argued.

Alan G. Lance, Attorney General; Michaelina B. Murphy, Deputy Attorney General, Boise, for respondent. Michaelina B. Murphy, argued.

JOHNSON, Justice.

This is a death penalty case in which the issues concern post-conviction relief. We conclude that under the circumstances of this case the petitioner presented a prima facie showing that he did not know and could not reasonably have known until new counsel was appointed for him that no post-conviction relief application had been filed on his behalf within forty-two days after the filing of the judgment sentencing him to death. We also conclude that the filing of a post-conviction petition within forty-two days after the appointment of new counsel was reasonable.

## I.

### THE BACKGROUND AND PRIOR PROCEEDINGS

Timothy Alan Dunlap (Dunlap) pled guilty to first degree murder. On April 20, 1992, the trial court sentenced Dunlap to death. Dunlap appealed to this Court, which affirmed the judgment. *State v. Dunlap*, 125 Idaho ·530, 873 P.2d 784 (1993), *cert. denied*, 510 U.S. 1171, 114 S.Ct. 1207, 127 L.Ed.2d 554 (1994) (*Dunlap I* ). In the trial court and before this Court, Dunlap was represented by different attorneys (Dunlap's prior counsel) than those who represent him in the present case (Dunlap's current counsel).

Following *Dunlap I*, Dunlap initiated federal habeas corpus proceedings, and the federal district court appointed Dunlap's current counsel to represent him in federal court. Dunlap's current counsel discovered that his prior counsel had not filed an application for post-conviction relief in state court.

On May 12, 1994, Dunlap filed a petition for post-conviction relief (the petition). This was almost two years after the expiration of the forty-two day time limit referred to in section 19–2719(4) of the Idaho Code (I.C.).

In the petition, Dunlap alleged ineffective assistance of Dunlap's prior counsel with respect to his plea, sentencing, appeal, and lack of post-conviction proceedings. The trial court granted the state's motion to dismiss the petition on the basis that the trial court had no jurisdiction under I.C. § 19–2719(5) to consider the claims for relief. Dunlap appealed.

## II.

### THE TRIAL COURT SHOULD NOT HAVE DISMISSED THE PETITION.

Dunlap asserts that the trial court should not have dismissed the petition. We agree.

A capital case defendant who fails to comply with the forty-two day deadline of I.C. § 19–2719(4) is deemed to have waived any post-conviction relief claims "as were known, or reasonably should have been known." I.C. § 19–2719(5). In *Paz v. State*, 123 Idaho 758, 852 P.2d 1355 (1993), the Court said: "I.C. § 19–2719 places a heightened burden on a petitioner which requires a prima facie showing by petitioner that the issues raised were not known and could not reasonably have been known within 42 days of judgment." *Id.* at 760, 852 P.2d at 1357. In *Paz*, the Court also said: "Claims that were not known or could not have reasonably been known within 42 days of judgment must be asserted within a reasonable time after they are known or reasonably could have been known." *Id.*

■ Dunlap could not have known until after the expiration of forty-two days following the filing of the judgment sentencing him to death that no post-conviction relief application had been filed on his behalf. One of Dunlap's current counsel states in an affidavit filed in the present case that the file given to him by Dunlap's prior counsel contains no correspondence or memoranda: (1) concerning Dunlap's right to file an application for post-conviction relief, (2) indicating that Dunlap was ever sent copies of the reporter's transcript prepared for his appeal or copies of the briefs filed in his appeal, or (3) indicating that Dunlap's prior counsel asked Dunlap what issues Dunlap thought should be raised in the appeal or post-conviction application.

This Court's opinion in *Dunlap I* contains no mention that post-conviction relief had not been filed. In his affidavit submitted in the present case, Dunlap states that he was not aware that no application for post-conviction relief had been filed until after his appeal had been decided by this Court and that his current counsel were the first attorneys to explain that there is a legal distinction between appeals and post-conviction proceedings.

During the forty-two days following the filing of the judgment sentencing Dunlap to death, Dunlap was represented by Dunlap's prior counsel, who were pursuing his direct appeal. In the present case, Dunlap presented the affidavit of an attorney (the attorney) stating that more than forty-two days after Dunlap's sentencing the attorney spoke to one of the attorneys in the firm who were Dunlap's prior counsel who told the attorney that there was a five year period in which to file a post-conviction petition for Dunlap.

■ All of these circumstances constitute a prima facie showing that Dunlap did not know and could not reasonably have known that no post-conviction relief application had been filed on his behalf before the appointment of his current counsel to represent him. The petition was filed within forty-two days after the appointment of Dunlap's current counsel. We conclude that under the circumstances of this case, this was a reasonable time for the filing of the petition.

## III.

### CONCLUSION

We vacate the trial court's dismissal of the petition and remand the case to the trial court for further proceedings.

We award Dunlap costs on appeal. We deny the state's request for attorney fees against Dunlap and Dunlap's request for sanctions against the state.

TROUT, C.J., and SILAK, SCHROEDER and WALTERS, JJ., concur.