192 P.3d 1021

Timothy A. DUNLAP, Petitioner–
Appellant,

v.

STATE of Idaho, Respondent.

No. 33061.

Supreme Court of Idaho,
Boise, May 2008 Term.

June 10, 2008.

Hampton & Elliott, Boise, for appellant. Teresa Hampton argued.

Lawrence G. Wasden, Attorney General, Boise, for respondent. Lamont Anderson argued.

W. JONES, Justice.

Timothy Dunlap pled guilty to the first-degree felony murder of Tonya Crane; he was then sentenced to death by the district court on April 20, 1992. On January 10, 2005, Dunlap filed a successive petition for post-conviction relief under Idaho Code §§ 19–4901 through –4911, –2719 alleging a violation of his rights under the Idaho and United States Constitutions. Specifically, Dunlap seeks relief on the claims that this Court refused to address in *Dunlap III* because they were raised for the first time on appeal.[1] See *Dunlap v. State*, 141 Idaho 50, 56–58, 106 P.3d 376, 382–84 (2005). The district court, Honorable Don L. Harding presiding, granted the state's motion for summary dismissal on Dunlap's successive petition for post-conviction relief. The court held that Dunlap's successive petition for post-conviction relief was untimely under I.C. § 19–2719(5), and alternatively, that Dunlap had failed to raise any genuine issue of material fact which would warrant an evidentiary hearing. Dunlap appeals that decision to this Court.

## FACTUAL AND PROCEDURAL BACKGROUND

Dunlap, in his first appeal to this Court, alleged errors in his first sentencing hearing. In 1993, this Court affirmed Dunlap's original sentence. *State v. Dunlap*, 125 Idaho 530, 873 P.2d 784 (1993). Dunlap then initiated federal proceedings, where his appointed counsel discovered that no post-conviction proceedings had been initiated in state court. In 1994, Dunlap filed his first petition for post-conviction relief. The trial court summarily dismissed his claims and held that they were waived under I.C. § 19–2719(5). In 1998, this Court reversed that decision, and allowed Dunlap's state petition for post-conviction relief of a capital case. *Dunlap v. State*, 131 Idaho 576, 576–77, 961 P.2d 1179, 1179–80 (1998) (holding that Dunlap made a

---

1. *Dunlap III* refused to address; (1) whether Dunlap was deprived due process because the trial court failed to ensure he was competent to plead guilty, (2) whether his guilty plea was not knowing and voluntary because of ineffective assistance of counsel in relation to previous offenses committed in Ohio, (3) whether his constitutional rights were violated due to a conflict relating to the public defender contract and the plea agreement, (4) whether his constitutional rights were violated because of prosecutorial misconduct, (5) whether his guilty plea violated the federal and state constitution because he was not informed of the true nature of the charges against him and the full extent of the rights waived by a guilty plea, and (6) whether he was deprived of his constitutional rights because trial counsel failed to ensure a complete record of all proceedings and counsel's failure to ensure that Dunlap was present for all proceedings. *Dunlap v. State*, 141 Idaho 50, 58, 106 P.3d 376, 384 (2004).

prima facie showing that he did not know or could not reasonably have known that no petition for post-conviction relief was filed on his behalf prior to the appointment of his current counsel).

On remand, prior to the evidentiary hearing on Dunlap's post-conviction petition, the state conceded error in the original sentencing procedures. On January 11, 2002, the district court ordered re-sentencing and denied Dunlap's other post-conviction claims. The state filed, and the district court granted, a motion to stay re-sentencing pending appeal. Dunlap then appealed the denial of his post-conviction claims to this Court, alleging additional claims on appeal. On November 30, 2004, this Court affirmed the district court's decision, declining to address those issues which were raised for the first time on appeal. *Dunlap v. State*, 141 Idaho 50, 106 P.3d 376 (2004).

In 2005, within 42 days of this Court's opinion in *Dunlap III*, Dunlap filed a successive petition for post-conviction relief, which raised the issues that this Court refused to address in *Dunlap III*.[2] The district court granted the state's motion for summary dismissal and dismissed Dunlap's successive post-conviction complaint. Dunlap now appeals that dismissal to this Court.

## ISSUES ON APPEAL

1. Whether the district court lacked jurisdiction over the 2005 post-conviction petition because no valid death sentence existed until the February 2006 resentencing hearing.

2. Whether the district court erred by summarily dismissing Dunlap's 2005 successive petition for post-conviction relief.

3. Whether post-conviction counsel acted outside of his authority by failing to raise the issues dismissed in the 2005 and 1994 petitions.

2. Dunlap's petition alleges that his state and federal constitutional rights were deprived because; (1) he was incompetent when he pled guilty, (2) the district court failed to ensure that he was competent when he pled guilty, (3) Dunlap's guilty plea was not knowing and voluntary because he was deprived of effective assistance of counsel, (4) Dunlap was denied his right to coun-

## STANDARD OF REVIEW

Post-conviction proceedings are generally governed by I.C. §§ 19–4901 through –4911 (the Uniform Post–Conviction Procedure Act). Post-conviction proceedings are civil in nature and governed by the Idaho Rules of Civil Procedure. *McKinney v. State*, 133 Idaho 695, 699–700, 992 P.2d 144, 148–49 (1999). Summary dismissal of a petition for post-conviction relief is governed by the same standard as summary judgment under I.R.C.P. 56. *Id.* On review, this Court liberally construes any inferences in favor of the non-moving party and determines, based on the pleadings, depositions, admissions and affidavits, whether a genuine issue of material fact exists. *Id.*

This Court freely reviews questions of law. *State v. Kavajecz*, 139 Idaho 482, 485, 80 P.3d 1083, 1086 (2003). Typically, this Court will not consider issues raised for the first time on appeal. *McKinney*, 133 Idaho at 708, 992 P.2d at 157 (citing *McCoy v. State*, 129 Idaho 70, 75, 921 P.2d 1194, 1199 (1996)). Whether a court lacks jurisdiction to hear a case is a question of law, and may be raised at any time. *Pizzuto v. State*, 127 Idaho 469, 471, 903 P.2d 58, 60 (1995) (citations omitted). Questions of jurisdiction are fundamental, and should be addressed prior to any other claims in the appeal. *Kavajecz*, 139 Idaho at 483, 80 P.3d at 1084 (citing *H & V Engineering, Inc. v. Idaho State Bd. Of Professional Engineers and Land Surveyors*, 113 Idaho 646, 648, 747 P.2d 55, 57 (1987)).

The statutory procedures for post-conviction proceedings in capital cases are governed by I.C. § 19–2719. *Paradis v. State*, 128 Idaho 223, 226, 912 P.2d 110, 113 (1996). I.C. § 19–2719 supersedes the Uniform Post–Conviction Procedures Act (UPC-

sel due to a conflict of interest, (5) Dunlap was denied his right to a fair trial because of prosecutorial misconduct, (6) Dunlap was not informed of the true nature of the charges against him or the full extent of the rights waived by pleading guilty, and (7) counsel's failure to ensure a complete record of all proceedings and that Dunlap was present for all proceedings.

PA) only to the extent that they conflict. *McKinney,* 133 Idaho at 700, 992 P.2d at 149. A petition for post-conviction relief in a capital case must be filed within 42 days of the entry of judgment imposing the death penalty. I.C. § 19–2719(3). Any claim which is known or reasonably could have been known at the time that the first petition is filed must be brought, or it is deemed waived. I.C. § 19–2719(5). This Court has no power to review a waived claim. I.C. § 19–2719(5); *McKinney,* 133 Idaho at 700, 992 P.2d at 149. This Court will not construe the plain language of an unambiguous statute. *State v. Rhode,* 133 Idaho 459, 462, 988 P.2d 685, 688 (1999) (citing *State v. McCoy,* 128 Idaho 362, 365, 913 P.2d 578, 581 (1996)). "Absent some extraordinary showing that claims in a successive petition for post-conviction relief [in a capital case] could not have been brought within the statutory time frame, the courts of this state lack the authority to consider them." *Pizzuto,* 127 Idaho at 472, 903 P.2d at 61.

**The district court did not lack jurisdiction over the 2005 petition for post-conviction relief.**

■ Dunlap filed his *pro se* successive petition for post-conviction relief in response to this Court's 2004 ruling, which refused to address issues raised for the first time on appeal. The 2005 petition was filed pursuant to Idaho Code §§ 19–4901 through –4911, and –2719. The state filed a motion to dismiss the petition as untimely under I.C. § 19–2719(5), or in the alternative, under I.C. § 19–4908.[3]

The district court heard arguments, on both grounds for dismissal, on October 7, 2005. A ruling on the motion to dismiss was not made until April of 2006, after Dunlap had been re-sentenced. Because Dunlap was sentenced to death, the district court held that the successive petition for post-conviction relief was procedurally barred as being

untimely under I.C. § 19–2719(5). That is, any claims which were known by Dunlap, or could have been known were deemed waived because they were not in Dunlap's first petition for post-conviction relief.

The district court has jurisdiction over all petitions for post-conviction relief. See I.C.R. 57 (stating that all petitions for post-conviction relief shall be filed with the district court and governed by the Idaho Rules of Civil Procedure). That is, the district court has jurisdiction over all post-conviction claims, regardless if the petitioner has been sentenced to death. Dunlap's successive petition was made under both I.C. §§ 19–4901 through –4911 (the UPCPA) and I.C. § 19–2719 (Special appellate and post-conviction procedures for capital cases). The state filed its motion to dismiss under alternative theories, presumably because no valid death sentence was in place. The state's position was that Dunlap's petition for post-conviction relief was procedurally barred under both statutes. After arguments, the district court's decision did not issue until Dunlap was re-sentenced. At the time that a decision was issued by the district court, Dunlap had been re-sentenced to death. The district court expressly held that I.C. § 19–2719 was the governing statute because of Dunlap's death sentence. This Court finds that the district court had jurisdiction when Dunlap filed his successive petition for post-conviction relief under the UPCPA, and that jurisdiction remained through the issuance of the district court's decision. The district court properly waited for Dunlap's re-sentencing prior to making a ruling because there were alternative theories for dismissal contingent on the applicable statutory framework.

**The district court did not err by summarily dismissing Dunlap's successive petition for post-conviction relief as untimely under I.C. § 19–2719(5).**

■ Dunlap does not argue that the claims were not known or reasonably could

---

3. I.C. § 19–4908 states, "[a]ll grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other pro-

ceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reasons was not asserted or was inadequately raised in the original, supplemental, or amended application."

not have been known at the time that Dunlap's first petition for post-conviction relief was filed. Courts are without jurisdiction to hear post-conviction claims in capital cases, challenging any legal or factual challenge to the sentence or conviction, unless they are filed within 42 days of filing the judgment. Dunlap is not challenging his current death sentence from his 2006 re-sentencing hearing in his successive petition for post-conviction relief, but the facts surrounding his 1991 guilty plea. These facts were known at the time his original petition for post-conviction relief was filed, and therefore, this Court is without the statutory authority to consider Dunlap's claims. I.C. 19–2719(5).[4] Dunlap failed to raise any genuine issue of material fact in his successive petition, and therefore, dismissal by the district court was proper. This Court affirms the district court's findings that the 2005 petition is untimely, and therefore, any claims that were known or reasonably could have been known to Dunlap at the time he filed his first petition for post-conviction relief should be deemed waived in accordance with I.C. § 19–2719(5). Dunlap failed to show any genuine issue of material fact as to whether the claims were not known or could not have been known at the time his first petition was filed.

**This Court will not consider whether post-conviction counsel acted outside of his authority by failing to raise the issues dismissed in the 2005 and 1994 petitions because it is being raised for the first time on appeal.**

 Dunlap argues that his attorney was without authority to waive any issues that were not raised in his original petition for post-conviction relief. Dunlap raises this issue for the first time on appeal. This Court will not consider issues raised for the first time on appeal. *McKinney*, 133 Idaho at 708, 992 P.2d at 157 (citing *McCoy*, 129 Idaho at 75, 921 P.2d at 1199). Therefore, this Court will not address this issue.

Dunlap argues that his attorney did not "knowingly, intelligently or voluntarily" waive Dunlap's claims in his first petition for post-conviction relief and therefore, there was no " 'voluntary relinquishment' of the issue." Specifically, he argues that this preserves the issue of agency and the lawyer-client relationship for appeal. This Court finds this argument unavailing.

When Dunlap's attorney argued that the claims were not waived "knowingly, intelligently or voluntary" he was speaking in relation to whether Dunlap's claims should be dismissed under the UPCPA. The UPCPA allows for successive post-conviction relief on all claims that are not "knowingly, intelligently or voluntarily" waived in the first petition for post-conviction relief. Dunlap's attorney's argument was opposing dismissal of the petition under the UPCPA, not arguing agency law. The issue of whether Dunlap's petition was timely under the UPCPA is entirely separate from the issue of whether Dunlap's attorney in his first petition for post-conviction relief acted outside of his agency authority. Therefore, this Court finds that Dunlap failed to raise the issue of whether his attorney in his first petition for post-conviction relief acted outside his agency authority.

For the foregoing reasons, this Court affirms the decision of the district court.

Justices BURDICK, J. JONES, HORTON and Justice Pro Tem KIDWELL concur.

---

4. "If the defendant fails to apply for relief as provided in this section and within the time limits specified, he shall be deemed to have waived such claims for relief as were known, or reasonably should have been known. *The courts of Idaho shall have no power to consider any such claims* for relief as have been so waived or grant any such relief." I.C. § 19–2719(5) (emphasis added).